■ ANTHONY MAZZA et al., Respondents, v. SQUARE SANITARIUM, INC., Appellant.— Order, Supreme Court, Bronx County, entered May 24, 1974, directing that the jury verdict be set aside and a new trial ordered solely on damages, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs and without disbursements, plaintiffs' motion denied and the jury verdict reinstated. After trial in this medical malpractice action, the jury rendered a verdict in favor of the plaintiff, Anthony Mazza, in the sum of $10,000 and in favor of Mariann Mazza in the sum of $500. The trial court in setting aside this verdict and directing a new trial as to damages, opined that the jury substantially compromised the issue of damages. This conclusion is not supported by the record. On August 27, 1971, plaintiff, Anthony Mazza, injured his left ankle when he slipped while pushing a dresser up a ramp and was taken to the emergency room of the defendant hospital. Defendant at the trial conceded that its doctor misread the X rays taken at this time, in that he failed to note the hairline fracture of the distal end of the tibia and, as a consequence, concluded that the injury was only a sprain. Subsequently, on August 31, 1971, said plaintiff was admitted to the hospital suffering from the hairline fracture and ruptured ligaments. In essence, plaintiffs assert that on August 27, 1971, there was only a partial tear of the ligaments, and that the malpractice committed by the defendant in not properly reading the X rays and sending Anthony Mazza home, thus allowing him to walk on the ankle, resulted in a complete tear of the ligaments. The defendant's theory at the trial was that both the hairline fracture and the fully ruptured

ligaments were sustained by the plaintiff when he suffered the accident on August 27, 1971. Patently, this is a factual issue. Study of the record discloses sufficient evidence upon which the jury could find that plaintiff Anthony Mazza had already sustained the fully ruptured ligaments. However, evidence was also adduced as to increased swelling, pain and a delay in surgery, all as a consequence of the misreading of the X rays, thus justifying the jury as the finders of fact, awarding $10,000 in compensation. Accordingly, on this record it may not be concluded that the jury substantially compromised the issue of damages as the verdict may be supported by a rational view of the evidence. Concur — Markewich, J. P., Murphy, Lupiano and Nunez, JJ.